# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JERRY LEE HARVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18 CV 2141 RWS |
| | ) | |
| DAVOL, INC., and C.R. BARD, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Jerry Lee Harvey, a prisoner, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $13.16. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will direct the Clerk of Court to issue process or cause process to be issued upon the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an uncertified inmate account statement showing an average monthly deposit of $65.79, and an average monthly balance of $29.49. The Court will therefore assess an initial partial filing fee of $13.16, which is twenty percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Pro se* complaints must be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that if the essence of an allegation is discernible, the court should construe the complaint in a way that permits the plaintiff's claim to be construed within the proper legal framework. *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015).

**Discussion**

Plaintiff alleges federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, and he states that the events giving rise to his claims occurred in this judicial district. He also states that the events giving rise to his claims occurred before his incarceration. He brings this action against Davol, Inc., a corporation that does business in Missouri and has its principal place of business in Rhode Island, and against C.R. Bard, Inc., a corporation that does business in Missouri and has its principal place of business in New Jersey.

He claims that he is presently a federal prisoner incarcerated in Illinois, but that before his incarceration, he was a Missouri resident. Based upon plaintiff's allegations, the Court determines that he has established the presumption that he is domiciled in Missouri. *See Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977) (citations omitted) (generally, a prisoner retains the domicile he had prior to his incarceration.). He seeks damages in excess of $75,000.

Plaintiff's complaint alleges personal injuries related to the use of the "Sepramesh IP," a polypropylene mesh medical device. Plaintiff alleges that the defendants designed and manufactured the device, and sold it to be surgically implanted in patients throughout the country. He alleges that, due to defects in the design and manufacture of the Sepramesh IP, its memory recoil ring can become altered after it is implanted, causing injury. Plaintiff also alleges that, on January 20, 2014, he underwent a hernia repair procedure in which a Sepramesh IP device was implanted in his body, and which caused him to suffer multiple injuries, including severe abdominal pain, nausea, and sickness. Having liberally construed the complaint, the Court concludes that plaintiff has adequately alleged the necessary elements of his claims, and is entitled to conduct discovery and present evidence in support of them. The Court will therefore require the defendants to respond to the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis*, [No. 2], is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Order, plaintiff must pay an initial filing fee of $13.16. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his

prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint as to defendant Davol, Inc., via its registered agent, CT Corporation System, 120 South Central Ave., Clayton, Missouri 63105.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint as to defendant C.R. Bard, Inc. at 730 Central Avenue, New Providence, New Jersey 07974.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 13th day of February, 2019.